**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| CHASIDY L. HUNTER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   4:18-cv-00612 |
| DIRECT ENERGY SERVICES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CHASIDY L. HUNTER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of DIRECT ENERGY SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

1

## PARTIES

4.   Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39) residing in Lewisville, Texas, which falls within the Eastern District of Texas.

5.   Defendant is a utility company organized under the laws of the state of Delaware with its principal place of business located at 12 Greenway Plaza, Suite 250, Houston, Texas. Defendant regularly contacts consumers located within the State of Texas.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.   In approximately July 2018, Plaintiff began receiving calls to her cellular phone, (469) XXX-8441, from Defendant.

9.   At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8441.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Defendant has called plaintiff's cellular phone using different phone numbers, including but not limited to (855) 836-5940.

11. Upon information and belief, the aforementioned phone number ending in -5940 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting.

12. When Plaintiff answers calls from Defendant, she experiences a noticeable pause and often has to say "hello" several times before she is connected with a live representative.

13. During conversations with Defendant, Plaintiff also hears audible noises in the background sounding similar to that of a call center

14. Upon speaking with one of Defendant's representatives, Plaintiff is solicited to purchase Defendant's energy services.

15. Plaintiff was confused as to why Defendant was contacting her, as she did not provide Defendant with consent to do so, nor was she interested in its services.

16. Plaintiff informed Defendant's representatives that they were contacting her in error, and demanded that Defendant stop calling her.

17. Plaintiff has received not less than 30 phone calls from Defendant after demanding that it stop contacting her.

18. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted telephone solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20.   Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

3

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

22.  Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The noticeable pause that Plaintiff experiences upon answering Defendant's calls, as well as the fact that Plaintiff has to repeatedly say "hello" before she is connected with a live representative is instructive that an ATDS is being used to generate the phone calls.  Similarly, the audible noise in the background sounding similar to that of a call center points to the involvement of an ATDS.  Moreover, the frequency and nature of Defendant's calls are indicative of an ATDS.

23.  Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Plaintiff never provided Defendant with consent to contact her.  Any hypothetical consent Plaintiff *may* have given to Defendant was explicitly revoked by Plaintiff's demands that it cease contacting her.

24.  The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

25.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Despite being informed by Plaintiff that it was contacting her in error and to cease its phone calls, Defendant consciously continued its harassing behavior in an attempt to coerce Plaintiff into purchasing its energy services.

WHEREFORE, Plaintiff, CHASIDY L. HUNTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

4

b.   Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d.   Awarding Plaintiff costs and reasonable attorney fees; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate

Dated: August 24, 2018                                             Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Eastern District of Texas      Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                                (630) 581-5858 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          thatz@sulaimanlaw.com